Case 1:10-cv-02873-RJD-RLM Document 19 Filed 12/30/10 Page 2 of 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JEAN WALKER, DONNETTA JONES,

                            Plaintiffs,

  - against –

CITY OF NEW YORK, POLICE OFFICER
DWAINE S. MOORE, SHIELD NO. 8889, POLICE
OFFICER BENJAMIN SOTO, SHIELD NO. 10029,
POLICE OFFICER ELMORE MCDONALD,
POLICE OFFICER CHAD J. MACK, SHIELD NO.
27635, POLICE OFFICER JOHN DOES 1-3,

                            Defendants.

------------------------------------------------------------X

**JEAN WALKER'S STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10-CV-2873 (DGT)(RLM)

      **WHEREAS**, plaintiff JEAN WALKER commenced this action by filing a complaint on or about June 22, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

      **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff JEAN WALKER the sum of TWENTY TWO THOUSAND FIVE HUNDRED ($22,500) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the named defendants and to release the defendants, the City of New York, Dwaine Moore, Benjamin Soto, Elmore McDonald, and Chad Mack and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

Case 1:10-cv-02873-RJD-RLM Document 19 Filed 12/30/10 Page 4 of 7

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
December 15, 2010

CYNTHIA CONTI-COOK, ESQ.
Stoll, Glickman & Bellina LLP
*Attorney for Plaintiffs*
71 Nevins Street
Brooklyn, New York 11217

By: _____
Cynthia Conti-Cook
*Attorney for Plaintiffs*

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 3-188
New York, New York 10007

By: _____
Shlomit Aroubas
*Assistant Corporation Counsel*

SO ORDERED:
s/ Judge Raymond J. Dearie
_____
HON. DAVID G. TRAGER U.S.D.J.

3